# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11346

United States Court of Appeals
Fifth Circuit

**FILED**
March 27, 2014

Lyle W. Cayce
Clerk

SECURITIES AND EXCHANGE COMMISSION,

Petitioner - Appellee

v.

ANDREW FARMER,

Respondent - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-MC-14

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

For this enforcement action pursuant to 15 U.S.C. § 78u(c), and following an order granting the Securities and Exchange Commission's (SEC) motion to compel production of documents responsive to its administrative subpoena, Andrew Farmer appeals the district court's ruling he waived his Fifth Amendment act-of-production privilege by failing timely to assert it. Pursuant to agreement by the parties at oral argument here, that order is VACATED

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-11346

and this matter REMANDED for *in camera* review of the documents to determine the applicability, *vel non*, of the privilege.

## I.

As part of an investigation of possible market manipulation, the SEC, on 5 December 2012, served Farmer with a subpoena *duces tecum*, seeking, *inter alia*, documentation of all transactions related to Chimera Energy Corporation securities, and documents "sufficient to show" Farmer's bank accounts, email accounts, and telephone numbers.  Additionally, the subpoena demanded he testify before the SEC.  The SEC also served a subpoena on Iridium Capital, Ltd., for which Farmer is the registered agent.  (The enforcement orders regarding Farmer's subpoena *ad testificandum* and Iridium's subpoena were not appealed.)

The subpoena at issue requested document-production by 20 December 2012.  One day after that deadline, Farmer's counsel contacted the SEC and requested an extension; the deadline was extended to 18 January 2013.  On 22 January, however, Farmer's counsel contacted the SEC to advise Farmer would not respond to the subpoena; neither an explanation for non-compliance nor objections to the subpoena were provided.

Over two months later, on 9 April, the SEC filed this enforcement action.  On 29 April, both by letter from counsel and in his opposition brief, Farmer asserted, for the first time, his Fifth Amendment act-of-production privilege.

The enforcement action was referred to a magistrate judge (MJ).  The MJ ruled Farmer waived the privilege by failing either to assert it in a timely manner or to show good cause for his delay.  Alternatively, in a footnote, the MJ ruled Farmer's "assertion of the privilege would fail for lack of specificity".  Order Granting SEC's Mot. to Compel at 7 n.3, *SEC v. Farmer*, No. 4:13-MC-14 (N.D. Tex. 10 July 2013).  In doing so, the MJ explained Farmer failed to

2

show "the act of producing particular documents or categories of documents . . . is both testimonial and self-incriminating". *Id.*

On review, the district court overruled Farmer's objection regarding privilege-waiver and "decline[d] to address Farmer's objection to [the MJ's] discussion of specificity". Order Affirming Mag. J.'s Order at 4, *SEC v. Farmer*, No. 4:13-MC-14 (N.D. Tex. 4 Dec. 2013).

Farmer filed a timely notice of appeal from that order. In addition, he moved this court to stay the order's requiring him to produce documents by 20 December 2013. That motion was denied on 19 December. Accordingly, Farmer produced documents to the SEC—approximately 100–200 pages by his estimation. It sequestered the documents pending resolution of this appeal.

**II.**

Pursuant to 15 U.S.C. § 78u(c), the district court had jurisdiction over the SEC's motion to compel compliance with its subpoena. And, this court has jurisdiction over this appeal from the enforcement order, under 28 U.S.C. § 1291 (final decisions of district courts). *See, e.g.*, *In re Kaiser Alum. & Chem. Co.*, 214 F.3d 586, 589 (5th Cir. 2000) ("An order enforcing an administrative subpoena is considered a final order.") (citation omitted).

The Fifth Amendment protects against both self-incriminating testimony and production of documents where production implicitly communicates "the papers existed, were in [the custodian's] possession or control, and were authentic". *United States v. Hubbell*, 530 U.S. 27, 36 (2000) (citations omitted). Farmer contends the district court erred in ruling the recipient of an SEC subpoena waives his act-of-production privilege by failing to assert it within the SEC's discovery deadlines, prior to initiation of an enforcement action.

First, Farmer contends the court failed to "indulge every reasonable presumption against waiver" of this fundamental, constitutional right. *See*

*Emspak v. United States*, 349 U.S. 190, 198 (1955) (citations omitted). Instead, he contends silence in response to the SEC's subpoena was, at most, vague evidence of intent to waive the privilege, not a basis for waiver of the constitutional privilege, which should not be equated to less-fundamental privileges.

Second, Farmer contends a recipient of an SEC subpoena has no duty to comply with it until the SEC pursues an enforcement action. *See SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 741 (1984); *SEC v. ESM Gov't Sec., Inc.*, 645 F.2d 310, 313–14 (5th Cir. Unit B 1981) (citing, *inter alia, Reisman v. Caplin*, 375 U.S. 440, 449 (1964)) (stating "the fifth amendment privilege against self-incrimination is an appropriate ground" to challenge an SEC subpoena in an enforcement action). Because, according to Farmer, he was not required to assert the privilege prior to the enforcement proceeding, his assertion was timely.

On the other hand, the SEC contends Farmer lost the privilege by failing to assert it when obtaining the extension to respond or, later, by communicating, without explanation or objection, that he would not produce documents. Instead, the SEC maintains Farmer engaged in "tactical gamesmanship", delaying its decision to bring this enforcement action and, potentially, its investigation. Finally, the SEC disputes Farmer's assertion that a recipient of an SEC subpoena is under no duty to comply until an enforcement proceeding. In particular, the SEC notes 15 U.S.C. § 78u(c) makes failure to comply, "without just cause", a criminal offense, even if the SEC does not bring an enforcement action.

On appeal, neither Farmer nor the SEC addressed whether he failed to assert the privilege with sufficient specificity. At oral argument here, the SEC explained: it had abandoned, in briefing before the district court, the position that Farmer's privilege-assertion should be denied for lack of specificity;

No. 13-11346

instead, it requested the district court conduct an *in camera* review of the documents to determine whether the act-of-production privilege applied to particular documents or categories of documents; and, for that reason, it did not brief the specificity issue to this court. Similarly, Farmer explained at oral argument that he focused on waiver, in the district court and here, because that issue was the focus of the district court's decision, not specificity, which the court declined to address.

At oral argument, counsel for the SEC agreed with this court's suggested approach: not ruling on waiver, *vel non*, of Farmer's constitutional privilege and, instead, remanding to district court for *in camera* review of the documents. The SEC stated this was an "appropriate" way to resolve this issue and an "adequate substitute", even though it would moot the waiver issue. Likewise, Farmer agreed this approach was appropriate. His agreement included requesting leave to file, in district court, an *ex parte* submission to discuss the incriminating nature, which could be facially unclear, of specific documents.

No citation is required for the long-established prudential rule not to decide a constitutional question if another ground is dispositive. Therefore, we pretermit ruling on the constitutional question regarding the timeliness of Farmer's assertion of his Fifth Amendment act-of-production privilege and remand to district court for it, following Farmer's *ex parte* submission, to review *in camera* the documents produced by Farmer, and sequestered currently by the SEC, and determine those documents, if any, for which the act-of-production privilege applies.

### III.

For the foregoing reasons, the district court's 4 December 2013 order is VACATED and this matter is REMANDED for further proceedings consistent with this opinion.